UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMERICAN GRILL INVESTORS LLC and RHS WINE
LLC d/b/a THE TAVERN BY WS,

                              Plaintiffs,

                -against-

ADMIRAL INDEMNITY COMPANY,

                              Defendant.
-----------------------------------------------------------------X

Civil Action No.:
1:25-CV-02987-(MMG)

**COMPLAINT WITH JURY DEMAND**

Plaintiffs AMERICAN GRILL INVESTOR LLC and RHS WINE LLC d/b/a THE TAVERN BY WS, by their attorneys, AGULNICK KREMIN P.C., for their complaint against the Defendant ADMIRAL INDEMNITY COMPANY ("Admiral"), allege as follows:

## THE PARTIES

1. Plaintiff American Grill Investor LLC ("American Grill") is a foreign limited liability company duly formed under the laws of the state of Delaware with a place of business located at 35-37 Hudson Yards, New York, New York 10001, in the County of New York, State of New York and authorized to conduct business in New York.

2. Plaintiff RHS Wine LLC ("RHS") is a foreign limited liability company duly formed under the laws of the state of New York with a place of business located at 35-37 Hudson Yards, New York, New York 10001, in the County of New York, State of New York and authorized to conduct business in New York.

3. At all relevant times hereinafter mentioned, American Grill and RHS (collectively "Plaintiffs") had an insurable interest in the property located at 35-37 Hudson Yards, New York, New York 10001, in the County of New York, State of New York (the "Property").

4. Defendant Admiral is a foreign corporation duly formed under the laws of the State of New Jersey with its principal offices located 301 Route 17 North, Suite 900, Rutherford, New Jersey 07070.

## JURISDICTION AND VENUE

5. Admiral, its subsidiary, broker and/or agent is an insurance company licensed, admitted, engaging in, and/or authorized to engage in the business of liability and casualty insurance within the State of New York, with offices for the transaction of business located within the State of New York.

6. Plaintiffs bring this action against Defendant Admiral with regard to the Admiral's failure to fully indemnify Plaintiffs for the building and/or contents insurance claim following an accidental discharge and water damage loss at the Property, which occurred suddenly and accidentally on or about December 24, 2022, the facts and circumstances being more fully set forth below.

7. The transaction of events and the real and personal property that is the subject of this lawsuit was located within the State of New York.

8. The amount in controversy exceeds the sum of seventy-five thousand dollars exclusive of interest and costs.

9. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## RELEVANT FACTS

11. Admiral, its subsidiary, and/or agent, for good and valuable consideration and a premium paid, issued and/or reissued to Plaintiffs a Commercial insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing the policy

number RES 21-31863531-33 (the "Policy"), whereby it insured the Property against all risks of loss to certain specified perils in the limits contained therein, including, inter alia, physical loss from water damage and accidental discharge. The Policy was signed by the authorized agents of Admiral, its subsidiary, and/or agent and in effect on the date of the Loss.

12. Pursuant to the policy, Defendant Admiral, its subsidiary, and/or agent agreed to insure the Plaintiffs for a term of one (1) year, and in effect on December 24, 2022, against loss of property caused by, among other things, physical loss from water damage and accidental discharge. Admiral, its subsidiary, and/or agent, during the Policy term, agreed to indemnify the Plaintiffs against loss or damage sustained by inter alia physical loss from water damage.

13. On or about December 24, 2022, while the Policy was in full force and effect, an accidental discharge from the plumbing system at the Property resulted in extensive damages to the Property, improvements, and contents therein.

14. By reason of the above-mentioned occurrence, Plaintiffs sustained physical loss to the Property and other losses, in an amount in excess of seven million dollars ($7,000,000.00).

15. Plaintiffs notified Admiral, its subsidiary, its employees, or agents of the water damage and resulting damage at the aforementioned property and of the loss sustained thereby, as soon as was practicable after the loss.

16. Plaintiffs have submitted to Admiral's request for a complete examination of all the facts and circumstances surrounding the loss, to the extent that such was requested by Admiral.

17. Plaintiffs have satisfied all conditions precedent to this lawsuit.

18. At all times mentioned, Plaintiffs have not obtained any other insurance upon the described property.

19. In response to the foregoing loss and insurance claim, Admiral failed and refused to fully indemnify Plaintiffs for their damage under the Policy, offering woefully insufficient amounts to Plaintiffs in violation of the Policy, with regard to both scope and amount.

20. Admiral has failed to and/or refused to indemnify Plaintiffs for their total loss, with the shortfall being in an amount to be determined at trial but believed to be in excess of five million five hundred thousand dollars ($5,500,000.00), although a demand has been made.

21. By reason of Admiral's contractual undertaking to Plaintiffs pursuant to the Policy to properly evaluate and pay claims thereunder to the extent of Plaintiffs' loss up to the limits prescribed by the Policy, Admiral owed and continues to owe Plaintiffs the duties of good faith and fair dealing in connection with the parties' contractual relationship.

22. In accordance with the aforesaid duties of good faith and fair dealing, Admiral was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiffs' rights deriving from their contractual relationship with Admiral under the Policy.

23. By failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss up to the limits of the Policy, despite legal precedent, statutory authority, and/or contractual obligations, and by citing illogical, factually inaccurate, unsupported, and conclusory grounds for failing to do so, by neglecting a proper investigation of the claim, disregarding material facts and information furnished to Admiral. Admiral acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiffs.

24. Furthermore, Defendant ADMIRAL, and its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 N.Y.C.R.R. § 216 which Admiral violated.

25. Plaintiffs have duly demanded payment of their loss under the Policy and has submitted the supporting proofs of loss, to the extent that same was demanded.

26. Defendant Admiral's actions toward Plaintiffs are part of a pattern and practice by Admiral to sell insurance policies to property owners, and then subsequently take the position, that, under its latest interpretation, there is no coverage under the circumstances without sufficient factual basis or logical explanation, and with a disregard for Admiral's burden and well settled law, effectively denying or hindering the processing of legitimate claims.

27. Admiral regularly denies otherwise legitimate claims setting forth frivolous grounds for the denial, contrary to fact, common sense, and causation.

28. Admiral's outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest failure to carry out a contractual obligation.

29. The Defendant has failed to and/or refused to indemnify the Plaintiffs for their total Loss in an amount to be determined at trial but believed to be in excess of five million five hundred thousand dollars ($5,500,000.00), although a demand has been made.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT AS AGAINST
## ADMIRAL INSURANCE COMPANY

30. Plaintiffs repeat and re-allege all paragraphs and allegations set forth in this complaint as if fully and completely set forth herein.

31. By, *inter alia*, failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss, Admiral has breached its obligation under the Policy with regard to the Loss.

32. As a result of Defendant Admiral's breach, Plaintiffs have been damaged in an amount to be determined at trial but believed to be in excess of five million five hundred thousand dollars ($5,500,000.00).

**WHEREFORE**, Plaintiffs **AMERICAN GRILL INVESTOR LLC and RHS WINE LLC d/b/a THE TAVERN BY WS,** demands judgment against **ADMIRAL INDEMNITY COMPANY** as follows:

a. Under the FIRST CAUSE OF ACTION, damages in an amount to be determined at trial but believed to be in the amount of five million five hundred thousand dollars ($5,500,000.00);

b. Appropriate interest, the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

c. Plaintiffs demand a jury trial on all issues.

Dated: Melville, New York
April 22, 2025

Yours, etc.,

**AGULNICK KREMIN P.C.**

By: _____
Todd D. Kremin, Esq. (TK0102)
*Attorneys for Plaintiffs*
**AMERICAN GRILL INVESTORS LLC and RHS WINE LLC d/b/a THE TAVERN BY WS**
510 Broadhollow Road, Suite 303
Melville, New York 11747
Tel: (718) 352- 4800
Fax: (718) 732- 2110

Defendant's Address:

ALL PARTIES VIA ECF

Civil Action No:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN GRILL INVESTOR LLC and RHS WINE LLC d/b/a THE TAVERN BY WS,

                Plaintiffs,

                -against-

ADMIRAL INDEMNITY COMPANY,

                Defendant.

---

## COMPLAINT WITH JURY DEMAND

---

**AGULNICK KREMIN P.C.**
*Attorneys for PLAINTIFF(S)*
*Office and Post Office Address, Telephone*
510 Broadhollow Road, Suite 303
Melville, New York 11747
Tel:   (718) 352- 4800
Fax:   (718) 732- 2110

"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

---

To:
Attorney(s) for *DEFENDANT(S)*

---

### Certification pursuant to FRCP 11

It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in FRCP 11.

4/22/2025                                           _____
Dated                                                 TODD D. KREMIN, ESQ. (TK0102)

---

Service of a copy of the within                                   is hereby **admitted**

..................................................................................................
                                             Attorney(s) for