USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN GRILL INVESTORS LLC and
RHS WINELLC d/b/a THE TAVERN BY WS,

                Plaintiffs,

-against-

ADMIRAL INDEMNITY COMPANY,

                Defendant.

---

25-CV-02987 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction *sua sponte*. This matter was removed from New York state court on April 10, 2025, purportedly on grounds of diversity of citizenship. *See* Dkt. No. 1.

      "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). Where a complaint premised on diversity of citizenship names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. *See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Further, if the members of a limited liability company are also LLCs, "the citizenship of the members of those LLC's must also be given, and must be diverse." *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016); *see also 400 East 62nd Properties, LLC v. Grupo Cinemex, S.A. DE C.V.*, No. 20-cv-04917 (JLR), 2025 WL 1224716, at *2 (S.D.N.Y. Apr. 28, 2025) ("[I]f any of Plaintiff's members are themselves noncorporate entities, then Plaintiff 'must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC.'") (quoting *FD Special Opportunities V, LLC v. Silver Arch Cap. Partners, LLC*, No. 21-cv-00797 (JLR) (OTW), 2022 WL 16837967, at *1 (S.D.N.Y. Nov. 9, 2022)).

      Both Plaintiffs in this action are LLCs. *See* Dkt. No. 12. However, Plaintiffs only appear to state the place of incorporation and the principal place of business of each of the Plaintiff LLCs; they do not allege the citizenship of each member of each of the Plaintiffs. *See* Dkt. No. 7. Plaintiffs' corporate disclosure statement also does not sufficiently identify Plaintiffs' citizenship, because a number of the members of Plaintiffs are themselves LLCs and the sole factor for identifying the citizenship of an LLC is the citizenship of its members; the state of formation or principal place of business is irrelevant to the citizenship of an LLC. *See* Dkt. No.

12.

Within 45 days of this Order, Plaintiffs may file an Amended Complaint that expressly alleges the citizenship of all natural persons who are members of each of the Plaintiffs. If any of Plaintiffs' members are themselves LLCs, then the Complaint must state the citizenship of each member of each of those LLCs. If any corporation is a member of any Plaintiff, the Complaint must allege the jurisdiction under whose laws the corporation is incorporated and the principal place of business. If any LLP or LP is a member of any Plaintiff, the Complaint must allege the citizenship of each partner..[1]

Alternatively, if any of Plaintiffs' members are, directly or indirectly through LLC member citizenship or LP member citizenship, citizens of New Jersey or Delaware, Plaintiffs shall so inform the Court by letter identifying which natural person or entity is a citizen of one of these states, and the relationship of that person to the Plaintiffs. Any such letter, in lieu of amending the Complaint, must be filed within the time period allotted to amend the Complaint.

Dated: May 13, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] The Complaint states that Defendant "is a foreign corporation duly formed under the laws of the State of New Jersey." Dkt. No. 7 ¶ 4. However, Defendant's Notice of Removal states Defendant is "a Delaware corporation with its principal place of business in New Jersey." *See* Dkt. No. 1 ¶ 12. Plaintiffs' Amended Complaint should address this discrepancy.